## In re VISSERING.

(Court of Appeals of District of Columbia.
Submitted January 12, 1926. Decided
February 1, 1926.)

### No. 1797.

Patents ⊙=>36—Application for patented valve device for heavy steam and water pressures rejected.

Claims in application for patent for valve device for heavy steam and water pressures *held* properly rejected, as not involving improvement over prior art.

Appeal from Commissioner of Patents.

In the matter of the application of Harry Vissering for a patent. From a decision of the Commissioner of Patents, rejecting all claims, applicant appeals. Affirmed.

Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, rejecting all of the nine claims in the appellant's application.

The case relates to valves for heavy steam and water pressures. It is desirable when a valve is thus employed that it be opened and closed slowly, in order to avoid the creation of excessive pressure. The present invention purports to accomplish this purpose by means of an improved form of gearing for operating the valve, particularly where the valve closing member moves in a plane parallel with the valve seat; also by improved means of mounting the gears which open and close the valves, and for preventing relative movement between the gear member for operating the valve and the shaft on which it is mounted; and also by improved means for retaining the operating gearing in position, and generally to improve, simplify, and cheapen such construction.

The drawing discloses a casing, a valve-closing member, which by undisclosed means is controlled by the rotation of a shaft, a sector mounted upon this shaft, a worm gear in mesh with the sector, this gear being carried by a square shaft fitted with bushings in ear bearings, and the latter shaft rotated by a crank handle.

The claims are sufficiently set out in claim No. 9, which, as rewritten, reads as follows:

"9. In a valve device, the combination, with a valve casing provided with a pair of spaced integral external ears, of a valve operating shaft arranged in said valve casing for moving a valve therein and having an externally arranged portion projecting from said casing, and operating gear mounted on said externally arranged portion of said valve-operating shaft, an externally arranged worm meshing with said operating gear and disposed between said ears, a removable bushing revolubly mounted in each of said ears, each having a flanged portion arranged between the adjacent ear and worm portions, and a gear operating shaft revolubly supported in said ears by said bushings and passing through and nonrevolubly engaging said worm and nonrevolubly engaging said bushings, and means for rotating said last-mentioned shaft and the worm carried thereby, and moving said operating gear and valve-operating shaft."

The Examiner rejected all of the claims upon a reference of the Bronder patent, which was held to show an organization of valve and operating gear fully equivalent to the organization now claimed. Other references also were cited. The Examiner noted that, if the applicant regarded his invention as lying in the worm gear construction, he should claim it per se. This decision was affirmed by the Examiner in Chief, who held that, so far as general organization of a valve-operating mechanism was concerned, the appellant had made no improvement over the prior art, and that, even if the claims were restricted to the valve-operating portion of the disclosure, they would not be patentable. This decision was affirmed by the Commissioner of Patents, who held that there was no patentable novelty in any of the claims in view of the prior art.

We need not enter upon a detailed comparison of applicant's invention with those of the prior art, since the opinions written by the lower tribunals are clear and full. We find no error in them, and accordingly the decision of the Commissioner is affirmed.